30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sammie P. SAGER, Plaintiff-Appellant,
v.
GROUP HEALTH SERVICE OF OKLAHOMA, INC., an Oklahoma
corporation, Defendant-Appellee.
 No. 94-5017.
 United States Court of Appeals, Tenth Circuit.
 Aug. 3, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and KELLY, Circuit Judges, and BABCOCK,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Sammie P. Sager appeals from an order of the district court granting defendant Group Health Service of Oklahoma, Inc.'s motion for summary judgment.
 
 
 4
 Plaintiff commenced this action pursuant to 29 U.S.C. 1132 of the Employee Retirement Income Security Act (ERISA), seeking payment of medical expenses under the terms of a health insurance policy issued by defendant. Plaintiff alleged defendant should have paid medical expenses she incurred after she suffered a self-inflicted gunshot wound, the result of an unintentional, but not accidental shooting. Plaintiff alleged that although the policy did not cover intentional suicide attempts, her attempt should be covered because it was unintentional.
 
 
 5
 We review the district court's determination on summary judgment de novo applying "the same legal standard used by the district court under Fed.R.Civ.P. 56(c)." Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 6
 A denial of benefits challenged under 1132 is reviewed de novo, unless the plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, in which case we look only to determine whether the administrator's decision was arbitrary and capricious. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Woolsey v. Marion Labs. Inc., 934 F.2d 1452, 1457 (10th Cir.1991).
 
 
 7
 We agree with the district court that the plan here gave the administrator discretion to determine eligibility for benefits. See Appellant's App. tab 4, ex. E (policy): Endorsement for Benefits Eligibility and Utilization Review, A.1. We further agree that the administrator's decision was not arbitrary or capricious. Plaintiff's hypertechnical arguments are unavailing.
 
 
 8
 We AFFIRM the judgment of the United States District Court for the Northern District of Oklahoma for substantially the reasons set forth in its order of December 10, 1993.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation